UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN LIND COLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-21-318-J |
| | ) |
| LONNIE LAWSON, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner, a state prisoner appearing pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. [Doc. No. 11]. Respondent filed a motion to dismiss, to which Petitioner responded. [Doc. Nos. 14, 17]. Petitioner additionally filed a motion objecting to the timeliness of Respondent's motion to dismiss [Doc. No. 15], a motion for default judgment [Doc. No. 16], and a motion requesting a status update on his case [Doc. No. 20]. The matter is now before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Amanda Maxfield Green pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). [Doc. No. 22]. On review, Judge Green concluded that Petitioner lacks any due process rights in earning credit towards his sentence until it is 85% complete and thus recommended granting the motion to dismiss, as well as denying Petitioner's pending motions. *Id.* Petitioner timely filed his objections (Objection) [Doc. No. 23] and the Court considers the matter de novo.

Relevant here, Petitioner is serving a twenty-year sentence[1] for his conviction of robbery with a firearm. [Doc. No. 11-3]. In Oklahoma, anyone convicted of robbery with a firearm "shall not be eligible for earned credits or any other type of credits which have the effect of reducing the

---

[1] The last eight years of the sentence are suspended. [Doc. No. 14-2].

length of the sentence to less than eighty-five percent (85%) of the sentence imposed." Okla. Stat. tit. 21, § 13.1. Judge Green found that Petitioner has not yet served 85% of his sentence and, thus, is not entitled to the application of earned sentence credits at this time. And because Petitioner is not currently entitled to the application of earned sentence credits, he has no state-created liberty interest in those credits. [Doc. No. 22] at 4-5.

On objection, Petitioner continues to argue that he has already earned the credits, citing the Oklahoma Department of Corrections' Sentencing Administration policy that states:

> Effective March 1, 2000, 21 O.S., Section 13.1 provided that inmates who are convicted of certain crimes must serve eighty-five percent (85%) of their sentence of imprisonment before becoming eligible for parole consideration and shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than 85% of the sentence imposed. Therefore inmates serving a sentence for any of the crimes listed below committed on or after March 1, 2000 are eligible to earn credits during the first 85% percent of the sentence; however, said credits will not be applied towards the sentence until the inmate has served 85% of said sentence.

Sentence Administration, OP-060211 at 11;[2] *see also* Objection at 4. In other words, Petitioner argues that because Department of Corrections agrees he has earned the credits, he has a liberty interest in having them applied to his sentence now. *See* Objection at 2-5.

The Court disagrees. That is, Oklahoma law clearly states that Petitioner is not entitled to those credits until he has completed 85% of his sentence. Accordingly, "there can be no valid Due Process . . . claim based on the failure to apply those credits." *Inuwa v. Lawson*, No. CIV-21-440-C, 2021 WL 3906984, at *1 (W.D. Okla. Aug. 31, 2021); *accord Toth v. Lawson*, CIV-21-452-J, 2021 WL 4471619, at *1 (W.D. Okla. Sept. 29, 2021).

---

[2] https://oklahoma.gov/content/dam/ok/en/doc/documents/policy/section-06/op060211.pdf (last accessed November 9, 2021).

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 22] and GRANTS Respondent's motion to dismiss [Doc. No. 14].  Petitioner did not need to file a motion to object, so while his objection was considered herein, his motion [Doc. No. 23] is DENIED as moot.  Petitioner's other pending motions [Doc. Nos. 15, 16, 20] are also DENIED as moot.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner.  A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Petitioner has failed to make either showing and the Court denies the COA.

A separate judgment shall be entered.

IT IS SO ORDERED this 10th day of November, 2021.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE